NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1208

HAZEL M. REED

VERSUS

STATE OF LOUISIANA, DEPARTMENT
OF HEALTH AND HOSPITALS

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-C-5038
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

AFFIRMED.

Dwight D. Reed
Attorney at Law
P. O. Drawer 568
Opelousas, LA 70571
(337) 942-5191
Counsel for Plaintiff/Appellee:
        Hazel M. Reed

Neal R. Elliott, Jr.
Bureau of Legal Services
Department of Health and Hospitals
P. O. Box 3836
Baton Rouge, LA 70802-3836
(225) 342-1103
Counsel for Defendant/Appellant:
        State of Louisiana, Department
        of Health and Hospitals

**DECUIR, Judge.**

Hazel M. Reed brought this claim against the State of Louisiana, Department of Health and Hospitals, after Medicaid long term care vendor payments, paid on her behalf for three years, were discontinued. After exhausting the administrative procedure available to her through the Department, Ms. Reed appealed to the district court, where judgment was rendered in her favor. The Department now appeals, arguing to this court that the trial court erred in disregarding Medicaid eligibility requirements, substituting its judgment for that of the administrative law judge, and finding the termination of benefits to be arbitrary and an abuse of discretion. For the following reasons, we affirm.

The trial court succinctly set forth the facts of this case as follows:

> Petitioner, an eighty-four year old nursing home resident, was approved for Medicaid Assistance effective September 1, 2003. Approximately three years later, Ms. Reed was deemed ineligible for continued Medicaid Health Care coverage and Long Term Care benefits because she was found to possess resources in excess of $2,000.00. This closure of Petitioner's Medicaid coverage was based on the agency's discovery that she retained a lifetime usufruct over several certificates of deposit that she had donated to her children between August 7, 1997 and September 23, 1998. Defendant maintains that at the time of said donation, these certificates of deposit had a total face value of $114,169.90 and as of May 2006, Ms. Reed was receiving interest from at least two of these certificates. Defendants also assert that Petitioner's Medicaid benefits were legally terminated since as of July 1, 2006, Ms. Reed's assets included a lifetime usufruct over certificates of deposit having a face value of at least $60,000.00.

The record establishes that when Ms. Reed initially applied for long term care benefits in 2003, she provided the Department with evidence that she had donated the disputed certificates of deposit but had reserved the usufruct. With that information, the Department considered only the interest earned by the certificates as income for purposes of determining eligibility for benefits. The face value of the certificates was not counted as a resource or asset. The Department contends that Ms. Reed was approved for long term care benefits in error, as the Medicaid rules applicable herein

provide a calculation for valuing a usufruct. Had the appropriate calculations been made, Ms. Reed would not have been certified for benefits in 2003. The Medicaid rules further provide for the recovery of ineligible payments made as the result of administrative error.

The Administrative Procedure Act, La.R.S. 49:950 *et seq.*, governs judicial review of an administrative agency's decision. La.R.S. 49:964(G) provides that a court may reverse an agency's decision if the substantial rights of the petitioner "have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law:

(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court."

In compliance with this standard of review, the trial court reached the following conclusions:

> The Court finds that Defendant's decision to treat the cash value of the certificates of deposit as an asset for the purpose of determining Petitioner's eligibility for medicaid benefits was indeed arbitrary. The court views this as an abuse of discretion in light of the fact that Petitioner was approved for said benefits just two years prior while in possession of the same resources. The Court is also not moved by Defendant's claim the Petitioner was originally approved in error. Such an error on the part of the defendant should not function to further disadvantage Petitioner, who claims that she is unable to care for herself outside of the nursing home but is unable to pay the costs of nursing home care. Accordingly, the administrative law judge's decision

terminating Petitioner's Medicaid coverage and Long Term Care benefits is hereby REVERSED pursuant to La.R.S. 49:964(G).

Our review of the record reveals no manifest error in the decision reached by the trial court. The position advocated by the Department in this case is both arbitrary and untenable and illustrates the conflict between the Department's eligibility rules and state law. Under the Department's rules, the owner of a usufruct does not have the right to sell the property from which the usufruct arises. In fact, Section I-1634.28 of the Medicaid Eligibility Manual specifically states that the owner of a usufruct does not have title to the property "for which he has been granted usufruct," and "[t]he right to sell the property is the right of the remainder man." Therefore, under the Department's description of a usufruct, the underlying property is unavailable to the usufruct holder as an asset or resource. Nevertheless, by adding the value of the underlying property to the value of the usufruct, the Department penalizes an applicant for "owning" an asset or resource to which she has no access and which can never be used for her care.

Conversely, under the pertinent Louisiana Civil Code articles, if the property subject to a usufruct is consumable, the usufructuary may "consume, alienate, or encumber [it] as he sees fit," but the value of the property must be restored to the naked owner upon termination of the usufruct. La.Civ.Code art. 538. Applying Article 538 to the present case, Ms. Reed could cash in the certificates of deposit over which she holds a usufruct interest and use that money for nursing home care, as the Department advocates. However, Ms. Reed would then have no funds to restore the value of the certificates to the rightful owners as required by article 538. The Department is advocating a position which would result in the depletion of property which could never be restored to the naked owner as required by law. The Department is also advocating a position which flies in the face of its own eligibility

3

rules forbidding the alienation of the underlying property. Accordingly, we find the Department's position advocating the valuation of the certificates of deposit donated in 1997 and 1998 to the detriment of Ms. Reed's eligibility status to be arbitrary.

Additionally, we find no merit to the argument that Ms. Reed's post trial renunciation of her usufruct constitutes an additional ground of ineligibility, *i.e.*, a transfer of resources for less than fair market value. Not only is the record void of admissible evidence of a renunciation, it likewise does not include evidence of whether the value of the usufruct at the time of renunciation could have affected eligibility status or even whether it would be counted as a resource or as income.

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed against the Department of Health and Hospitals.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

4